Kaulana Nani Makali'i O Minoaka O Kipukai Carlos-Kahalekomo
Individually and on the behalf of her minor children
K.K.R. (f)
N.C.A.K.K.R. (m)   ORIGINAL
A.H.M.A.K.R. (f)
P.K.K.R. (m)
P. O. BOX 502
Eleele, HI 96705
808-634-6085
hoomaikaiboy4@gmail.com
PRO SE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 20 2020

at 3 o'clock and 55 min. P M
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Kaulana Nani Makali'i O Minoaka O Kipukai Carlos-Kahalekomo; Individually and on behalf of her minor Children, K.K.R. (f); N.C.A.K.K.R. (m); A.H.M.A.K.R. (f); P.K.K.R. (m)<br>*Plaintiffs*<br>-v-<br><br>COUNTY OF KAUAI; DEREK S. K. KAWAKAMI; PATRICK PORTER; WALLACE G. REZENTES JR.; ROBIN SERQUINA; ELLSWORTH KALEIOHI; and DOES 1-10.<br>*Defendants* | Civil No. CV20 00320 JMS WRP<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS;<br>DEMAND FOR JURY TRIAL<br>EXHIBIT A<br>CERTIFICATE OF SERVICE<br>SUMMONS<br><br>Hearing Date:<br>Judge: |

**JURISDICTION AND VENUE**

1.   COMES NOW, Pursuant to, 42 U.S.C. § 1983, Plaintiffs, Kaulana Nani Makali'i O Minoaka O Kipukai Carlos-Kahalekomo, individually and on behalf of her minor children K.K.R. (f); N.C.A.K.K.R. (m); A.H.M.K.R. (f); and P.K.K.R. (m), herein after known as ("Plaintiffs" at times "Plaintiff and her

Page **1** of **10**

Received By Mail
Date JUL 20 2020

Mailed On
Date JUL 21 2020

Children") brings this complaint, and seeks Personal Compensatory Damages, Punitive Damages, Declaratory, and Injunctive relief against Defendants, of the COUNTY OF KAUAI, DEREK S. K. KAWAKAMI, in his Official Capacity as Mayor; PATRICK T. PORTER, in his Official Capacity as Director of Department of Parks and Recreation; WALLACE G. REZENTES JR., in his Official Capacity as Deputy Director of Department of Parks and Recreation; ROBIN SERQUINA, in her Official Capacity as Ranger, Department of Parks and Recreation; ELLSWORTH KALEIOHI, in his Official Capacity as Ranger, Department of Parks and Recreation; and DOES 1-10; hereinafter known as ("Defendants"), under 42 U.S.C. § 1983, on the grounds that those Defendants, by their conduct, knowingly, willingly, and intentionally subjected, or caused to be subjected to violations of rights secured to Plaintiffs by the Constitution and the laws of the United States.

2. Accordingly, Plaintiffs invoke this Court's federal question jurisdiction as conferred by 28 U.S.C. § 1331.

3. Additionally, because the relief sought is pursuant to 42 U.S.C. § 1983, this Court also has jurisdiction under 28 U.S.C. § 1343.

4. Plaintiff and her Children who are currently registered homeless, sheltering in place at Salt Pond Beach Park in Hanapepe, County of Kauai, State of Hawaii. Plaintiffs claim Pursuant to 42 U.S.C. § 1983 that Defendants acting under color of law in accordance with the Kauai County Code enforcing **Illegal Camping**

**KCC 19-2.3(a),** and **Unauthorized Structure KCC 19-1.4(a)(13),** on registered homeless individuals for sleeping and sheltering in public spaces when those persons have no home or any other option for shelter violates the U.S. CONSTITUTION Eighth Amendment's prohibition on cruel and unusual punishment, *see MARTIN V. CITY OF BOISE No. 15-35845 D.C. No. 1:09-cv-00540-REB, BERZON, 9th Circuit Judge's Opinion:* *"We consider whether the Eighth Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to. **We conclude that it does.**"*

5. Because this Court has jurisdiction to address the controversy before it, 28 U.S.C. § 2201 grants the Court authority to declare the rights of the parties before it, and 28 U.S.C. § 2202 authorizes the Court to grant such further relief, including injunctive relief, as the Court may deem necessary and proper.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1 & 2) because the Defendants reside in this district, because all events or omissions giving rise to the claim occurred in this district.

**STATEMENT OF CLAIM**

7. Plaintiff and her children, at Salt Pond Beach Park in Hanapepe, County of Kauai, State of Hawaii, who are registered Homeless with Kauai Economic

Opportunity hereinafter called ("KEO"), are sheltering in place in the permitted camping area.

8. The County of Kauai has one shelter operated by KEO located in Lihue with a maximum capacity of 19 occupants with close to one thousand registered homeless on Kauai.

9. On or about November 6, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area, and cited Plaintiff and her children for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13), knowingly, willingly, and intentionally subjecting, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff and her Children by the Constitution, and the laws of the United States, thereby inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff and her Children with Malicious intent to scare Plaintiffs away and out of the public Park camping area. Therefore, subjecting cruel and unusual punishment on Plaintiff and her Children, who are registered homeless Persons in which have no home, and no other option for shelter.

10. On January 8, 2020, at approximately 8:00 am, in the District Court of the Fifth Circuit all citations of Illegal Camping KCC 19-2.3(a) and Unauthorized

Structure KCC 19-1.4(a)(13) were **"DISMISSED WITH PREJUDICE - IN INTEREST OF JUSTICE"** (see EXHIBIT A) acknowledged and decided upon by Deputy Prosecuting Attorney Chris Donahue, and District Judge Michael Soong, for the Fifth Circuit District Court that the governing case causing the dismissal is the case sited under JURISDICTION in this complaint.

    12. On January 15, 2020 at approximately 5:30 am, Defendant ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area, and cited Plaintiff and her children for Illegal Camping KCC 19-2.3(a) and Abandoned Vehicle KCC 19-1.4(a)(1), knowingly, willingly, and intentionally subjecting Plaintiffs to, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff and her Children by the Constitution, and the laws of the United States, thereby inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff and her Children with Malicious intent to scare Plaintiffs away and out of the public Park camping area. Therefore, subjecting cruel and unusual punishment on Plaintiff and her Children, who are registered homeless Persons in which have no home, and no other option for shelter. Further, causing Plaintiff and her Children to be subjected to a Double Jeopardy.

13. On February 26, 2020, at approximately 8:00 am, in the District Court of the Fifth Circuit all citations of Illegal Camping KCC 19-2.3(a) and Abandoned Vehicle KCC 19-1.4(a)(1), were **"DISMISSED WITH PREJUDICE - IN INTEREST OF JUSTICE"** (see EXHIBIT A) once again acknowledged and decided upon by Deputy Prosecuting Attorney Chris Donahue, and District Judge Michael Soong, for the Fifth Circuit District Court that the governing case causing the dismissal is the case sited under JURISDICTION in this complaint.

# CLAIM FOR RELIEF

# CRUEL AND UNUSUAL PUNISHMENT INFLICTED

# (42 U.S.C. § 1983 et seq.; United States Constitution, Amendment VIII)

14. Plaintiff incorporates all previous paragraphs of this Complaint as if fully set forth here.

15. The Defendants, jointly and severally, through their actions and inaction have continually violated the rights of Plaintiffs and others similarly situated, and will continue to do so unless enjoined and abated.

16. Acting in concert, Defendants violated the U.S. CONSTITUTION EIGHTH AMENDMENTS Prohibition on cruel and unusual punishment *see* ***MARTIN V. CITY OF BOISE*** *No. 15-35845 D.C. No. 1:09-cv-00540-REB,* ***BERZON, 9th Circuit Judge's Opinion:*** *"We consider whether the Eighth*

*Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to.* **We conclude that it does**.*"* , thereby causing Plaintiffs Personal injuries, Intentionally Inflicting Emotional Distress, through Psychological Harassment, and subjecting Plaintiffs to a Double Jeopardy violating the U.S. Constitution's Fifth Amendment in which Prohibits anyone from being prosecuted twice for substantially the same crime, and states "No Person shall be subject for the same offense to be twice put in jeopardy of life or limb…"

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully requests that the Court enter judgment in their favor granting the following relief:

A.   Personal Compensatory Damages in the amount of $500.00.

B.   Punitive Damages in the amount of $2,500,000 to redress grievances and injuries inflicted.

C.   A preliminary and permanent injunction abating the cruel and unusual punishment inflicted, alleged herein, to include:

- enjoining Defendants from further subjecting violations of the U.S. CONSTITUTION, Eighth Amendments prohibition on cruel and unusual punishment on Registered Homeless by enforcing KCC 19-2.3 (a) Illegal Camping,

Unauthorized Structure KCC 19-1.4(a)(13), and Abandoned Vehicle KCC 19-1.4(a)(1), as alleged herein;

    D.    Costs of court; and

    E.    Attorney fees pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

Plaintiffs demand a jury trial as to all matters triable by jury.

Signed on the 19 day of July, 2020, P. O. BOX 502 Eleele, HI 96705, 808-634-6085

Respectfully submitted,

_____
Kaulana Nani Makali'i O Minoaka O Kipukai Carlos-Kahalekomo
Individually and on the behalf of her minor children
K.K.R. (f)
N.C.A.K.K.R. (m)
A.H.M.A.K.R. (f)
P.K.K.R. (m)

**CERTIFICATE AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

Signed on the 15 day of July, 2020, PLAINTIFFS PRO SE

_____
Kaulana Nani Makali'i O Minoaka O Kipukai Carlos-Kahalekomo
Individually and on the behalf of her minor children
K.K.R. (f), N.C.A.K.K.R. (m), A.H.M.A.K.R. (f), P.K.K.R. (m)
P. O. BOX 502,
Eleele, HI 96705
808-634-6085
hoomaikaiboy4@gmail.com.com
PRO SE