IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAULANA NANI MAKALIʻI O MINOAKA O KIPUKAI CARLOS-KAHALEKOMO, Individually and on behalf of her minor children,<br><br>             Plaintiffs,<br><br>   vs.<br><br>COUNTY OF KAUAI; ET AL.,<br><br>            Defendants. | Civ. No. 20-00320 JMS-WRP<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND

## I. INTRODUCTION

On July 20, 2020, pro se Plaintiff Kaulana Nani Makaliʻi O Minoaka O Kipukai Carlos-Kahalekomo ("Plaintiff" or "Carlos-Kahalekomo"), individually and on behalf of her minor children (collectively, "Plaintiffs"), filed a Complaint against Defendants County of Kauai, Derek S.K. Kawakami, Patrick Porter, Wallace G. Rezentes Jr., Robin Serquina, and Ellsworth Kaleiohi (collectively

"Defendants").[1]  ECF No. 1.  The same day, Plaintiff also filed an Application to Proceed in Forma Pauperis ("IFP Application").  ECF No. 2.

According to the Complaint, Plaintiff and her children are "registered homeless Persons [who] have no home and no other option for shelter," ECF No. 1 at PageID #4, and in November 2019 and January 2020 were "sheltering in place at Salt Pond Beach Park in Hanapepe, County of Kauai, State of Hawaii," *id.* at PageID #2.  Plaintiff claims under 42 U.S.C. § 1983 that Defendants violated the Eighth Amendment and *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), by enforcing Kauai County Code ("KCC") §§ 19-2.3(a), 19-1.4(a)(1), and 19-1.4(a)(13) against them.  *Id.* at PageID #6-8.

As set forth below, the court GRANTS Plaintiff's IFP Application and DISMISSES the Complaint with leave to amend.

## II.  IFP APPLICATION

The IFP Application, signed under penalty of perjury, indicates that "Plaintiffs are currently unemployed, and registered homeless."  ECF No. 2 at PageID #20.  The Application indicates that Plaintiff has no income or assets, and

---

[1] Defendant Kawakami is Mayor of Kauai County, and the other Defendants are officials of the Kauai County Department of Parks and Recreation.  ECF No. 1 at PageID #2.  They are all sued in their official capacities only.  *Id.*

has four children.  *Id.* at PageID #21.  Because Plaintiff has made the required

showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without

prepayment of fees), the court GRANTS Plaintiff's IFP Application.[2]

### III.  SCREENING THE COMPLAINT

Because Plaintiffs are proceeding IFP, the court conducts a pre-

answer screening of the Complaint pursuant to 28 U.S.C. § 1915(a).  The court

must sua sponte dismiss a complaint or claim that is "frivolous or malicious; . . .

fails to state a claim upon which relief may be granted; or . . . seeks monetary relief

against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)

(formatting altered); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

(en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the

court to sua sponte dismiss an in forma pauperis complaint that fails to state a

claim).

Screening under § 1915(e)(2) involves the same standard of review as

that used under Federal Rule of Civil Procedure 12(b)(6).  *Wilhelm v. Rotman*, 680

F.3d 1113, 1121 (9th Cir. 2012).  Under Rule 12(b)(6), a complaint must "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[2] The court assesses only Carlos-Kahalekomo's income and assets in the IFP Application, although her children are also Plaintiffs.

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (recognizing that a complaint that fails to allege a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a plausible claim) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Detailed factual allegations are not required, but conclusory statements, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and factual allegations that only permit the court to infer "the mere possibility of misconduct" fall short of meeting the plausibility standard.  *Iqbal*, 556 U.S. at 678-79; *see also Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiffs are appearing pro se; consequently, the court liberally construes the Complaint.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

///

///

///

(citations omitted); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).[3]

## IV.  DISCUSSION

### A.    Factual Allegations

As the Introduction summarized, the Complaint alleges that Plaintiffs are homeless persons who were "sheltering in place at Salt Pond Beach Park in Hanapepe, County of Kauai, State of Hawaii."  ECF No. 1 at PageID #2.  It further alleges that Kauai "has one shelter operated by [Kauai Economic Opportunity] located in Lihue with a maximum capacity of 19 occupants with close to one thousand registered homeless on Kauai."  *Id.* at PageID #4.

Plaintiffs allege that on November 6, 2019, Defendant Kaleiohi, in his official capacity as a ranger with the County of Kauai Department of Parks and Recreation, entered the Salt Pond Beach Park camping area and cited Plaintiffs for "Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13)"

---

[3] It appears that the Complaint was drafted by an attorney.  If pleadings are written by counsel, but signed and filed on a pro se basis, the court will not liberally construe them.  *See, e.g.*, *Smallwood v. NCsoft Corp*, 730 F. Supp. 2d 1213, 1223 (D. Haw. 2010) ("In light of the assistance Plaintiff received from counsel, the Court will not liberally construe them as it normally would for a pro se party."); *Henry v. Adventist Health Castle Med. Ctr.*, 363 F. Supp. 3d 1128, 1133 (D. Haw. 2019) ("[A]llowing a pro se litigant to receive such latitude in addition to assistance from an attorney would disadvantage the nonoffending party.") (quoting *Smallwood*, 730 F. Supp. 3d at 1222) (other citations omitted).  Although the standard makes no difference in this instance, if an amended Complaint is filed with assistance of an attorney, the amended complaint must indicate the extent of such assistance in the amended complaint.

with the "[m]alicious intent to scare Plaintiffs away and out of the public Park camping area," and "subjecting cruel and unusual punishment on Plaintiff and her children, who are registered homeless Persons [who] have no home, and no other option for shelter." *Id.* Similarly, they allege that on January 15, 2020, Defendant Kaleiohi again cited Plaintiffs for "Illegal Camping KCC 19-2.3(a) and Abandoned Vehicle KCC 19-1.4(a)(1)," *id.* at PageID #5, alleging the same malicious intent, and infliction of cruel and unusual punishment on Plaintiffs. *Id.*

On both occasions, the charges in the State of Hawaii District Court of the Fifth Circuit ("State Court") were dismissed—the State Court minutes (attached to the Complaint) provide: (1) "State's [Motion] to Dismiss With Prejudice; Granted; Defendant Not Present," ECF No. 1-1 at PageID #11 (Feb. 26, 2020), and (2) "State's [Motion] to Dismiss With Prejudice; Granted for the interest of justice; Defendant Not Present," *id.* at PageID #13 (Jan. 8, 2020).

## B.    The Complaint Fails to State a Claim

The Complaint alleges, under 42 U.S.C. § 1983, that Defendants violated the Eighth Amendment by enforcing three KCC sections against

///

///

Plaintiffs: (1) KCC § 19-2.3(a), requiring a permit for camping;[4] (2) KCC § 19-1.4(a)(1), prohibiting abandoned vehicles at Kauai County parks and recreation facilities;[5] and (3) KCC § 19-1.4(a)(13), prohibiting construction of unauthorized buildings or structures at Kauai County parks and recreation facilities.[6] *See* ECF No. 1 at PageID #6-8.  It alleges that Defendants violated *Martin v. City of Boise*,

---

[4] Section 19-2.3, entitled "When Permit Required; Time for Issuance" provides in relevant part:

> (a)  Any person who camps, erects a tent or constructs any temporary sleeping quarters on any County public park during the hours of 5:00 p.m. to 10:00 a.m. shall first obtain a camping permit from the Department of Parks and Recreation or any other authorized County agency.

[5] Section 19-1.4, entitled "General Prohibitions Applicable to All Parks and Recreation Facilities" provides in relevant part:

> (a)  No person at a park or recreation facility shall:
> (1)  Abandon any vehicle or other personal property.  For the purpose of this section, "abandon" shall mean:
>> (A)   Leaving a vehicle or other personal property unattended for more than twenty-four (24) hours;
>> (B)   When a notice of abandonment is posted on a vehicle, failure to remove the vehicle, within twenty-four (24) hours, from the location where the notice was posted and from all highways and parks located within a one (1) mile radius of said location shall be deemed to be a continuation of the original abandonment.

[6] Section 19-1.4(a)(13) provides in relevant part:

> (a)  No person at a park or recreation facility shall:
> . . . .
> (13)  Construct or erect any building or structure of whatever kind, whether permanent or temporary in character, unless authorized by the County Engineer or designated representative on a permit, except for a prefab and manufactured quick tent no larger than twenty (20) feet by twenty (20) feet for an event or gathering.

which concluded that "the Eighth Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to."  920 F.3d at 603.  *Martin* articulated "the principle . . . that the Eighth Amendment prohibits the state from punishing an involuntary act or condition if it is the unavoidable consequence of one's status or being."  *Id.* at 616-17 (citation and quotation marks omitted).

But *Martin's* holding was narrow—it did not "dictate to the City that it must provide sufficient shelter for the homeless, or allow anyone who wishes to sit, lie, or sleep on the streets . . . at any time and at any place."  *Id.* at 617 (citation omitted).  The opinion noted that "an ordinance prohibiting sitting, lying, or sleeping outside at particular times or in particular locations might well be constitutionally permissible," as well as "an ordinance barring the obstruction of public rights of way or the erection of certain structures."  *Id.* at 617 n.8.  "Courts following *Martin* have declined to expand its holding beyond criminalization of homelessness."  *Young v. City of L.A.*, 2020 WL 616363, at *5 (C.D. Cal. Feb. 10, 2020) (citing *Aitken v. City of Aberdeen*, 393 F. Supp. 3d 1075, 1081-82 (W.D. Wash. 2019) (collecting cases)).  "*Martin* does not limit the [c]ity's ability to evict homeless individuals from particular public places."  *Aitken*, 393 F. Supp. at 1082.

And "*Martin* does not establish a constitutional right to occupy public property indefinitely at Plaintiffs' option." *Miralle v. City of Oakland*, 2018 WL 6199929, at *2 (N.D. Cal. Nov. 28, 2018).

Even assuming that Kauai lacks adequate shelter space, *Martin* does not implicate the KCC sections at issue here. Rather, *Martin* applied to two ordinances that "criminalize[d] the simple act of sleeping outside on public property" anywhere in the City of Boise, Idaho. *Martin*, 920 F.3d at 617.[7] In contrast, KCC § 19-2.3(a) merely requires a camping permit for anyone "who camps, erects a tent or constructs any temporary sleeping quarters on any County public park during the hours of 5:00 p.m. to 10:00 a.m." Similarly, section 19-1.4(a)(1) prohibits abandoned vehicles, and section 19-1.4(a)(13) prohibits structures without a permit ("except for a prefab and manufactured quick tent no larger than twenty (20) feet by twenty (2)) feet for an event or gathering"). None

---

[7] *Martin* described the two ordinances as follows:

> The first, Boise City Code § 9-10-02 (the "Camping Ordinance"), makes it a misdemeanor to use "any of the streets, sidewalks, parks, or public places as a camping place at any time." The Camping Ordinance defines "camping" as "the use of public property as a temporary or permanent place of dwelling, lodging, or residence." *Id.* The second, Boise City Code § 6-01-05 (the "Disorderly Conduct Ordinance"), bans "[o]ccupying, lodging, or sleeping in any building, structure, or public place, whether public or private . . . without the permission of the owner or person entitled to possession or in control thereof."

920 F.3d at 603-04.

of these County Codes criminalizes "the simple act of sleeping outside," *Martin*,

920 F.3d at 617, or someone's status as homeless, as necessary to state an Eighth

Amendment claim under *Martin*.

Further, assuming that the Kauai County prosecutor chose to dismiss

the citations "for the interest of justice," ECF No. 1-1 at PageID #13, such

circumstances do not suggest that the Defendants were "criminaliz[ing] indigent,

homeless people for sleeping outdoors, on public property, on the false premise

that they had a choice in the matter." *Martin*, 920 F.3d at 617.  That the charges

were dropped ("for the interest of justice") does not mean they were invalid.

Nothing in the Complaint indicates that Plaintiffs were falsely accused of the

violations—i.e., that they in fact had camping permits, or did not have abandoned

vehicles or unauthorized structures, such that their status as homeless might be

being criminalized.  Moreover, nothing in the Complaint suggests that Kauai

County has a "policy or custom" of simply "prosecuting people criminally for

sleeping outside on public property when those people have no home or other

shelter to go to," *id.* at 603, as would be necessary to state a claim for municipal

liability.  *See, e.g.*, *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141

(9th Cir. 2020) ("A municipality may be held liable as a 'person' under 42 U.S.C.

§ 1983 when it maintains a policy or custom that causes the deprivation of a

plaintiff's federally protected rights.") (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).  In short, the Complaint fails to state a claim.

## C.  Leave to Amend

Although the court dismisses the Complaint, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).  Because the court cannot say that it would be impossible for Plaintiffs to allege sufficient facts to state a claim, the court grants Plaintiffs leave to amend the complaint on or before August 31, 2020, to attempt to cure the deficiencies noted in this Order.  If so, Plaintiffs must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Any amended complaint must be designated as an "Amended Complaint."  And if the amended complaint is drafted with the assistance of counsel, Plaintiffs must indicate the extent of such assistance in the amended complaint.

An amended complaint generally supersedes the original complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  The court will not refer to the original complaint to make an amended complaint

complete, although it will not ignore contradictory statements of fact between an original and amended complaint.  Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading.

If Plaintiffs choose to file an amended complaint, they must write short, plain statements telling the court: (a) the constitutional or statutory right Plaintiffs believe was violated; (b) the specific basis of this court's jurisdiction; (c) the name of the defendant who violated that right; (d) exactly what that defendant did or failed to do; (e) how the action or inaction of that defendant is connected to the alleged violation of Plaintiffs' rights; and (f) what specific injury Plaintiffs suffered because of that defendant's conduct.  Plaintiffs must repeat this process for each person or entity that she names as a defendant.  And Plaintiffs may include only one claim per count.

## V.  <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs' IFP Application is GRANTED. The Complaint is DISMISSED with leave to amend the Complaint by August 31, 2020.  Failure to amend the Complaint by August 31, 2020 will result in dismissal

///

///

///

12

of this action with prejudice for failure to state a claim.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 3, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Carlos-Kahalekomo v. Cty. of Kauai, et al.*, Civ. No. 20-00320 JMS-WRP, Order Granting
Application to Proceed in Forma Pauperis and Dismissing Complaint with Leave to Amend