IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAULANA NANI MAKALIʻI O MINOAKA O KIPUKAI CARLOS-KAHALEKOMO, Individually and on behalf of her minor children,<br><br>         Plaintiffs,<br><br>    vs.<br><br>COUNTY OF KAUAI; ET AL.,<br><br>         Defendants. | CIV. NO. 20-00320 JMS-WRP<br><br>ORDER DISMISSING CASE |

**ORDER DISMISSING CASE**

**I. INTRODUCTION**

On July 20, 2020, pro se Plaintiff Kaulana Nani Makaliʻi O Minoaka O Kipukai Carlos-Kahalekomo ("Plaintiff"), individually and on behalf of her minor children (collectively, "Plaintiffs"), filed (1) a Complaint against Defendants County of Kauai and various county officials, and (2) an Application to Proceed In Forma Pauperis ("IFP Application"). ECF Nos. 1-2. The Complaint asserted claims under 42 U.S.C. § 1983 alleging that by enforcing three County codes against Plaintiffs, Defendants violated Plaintiffs' Eighth Amendment rights. In a detailed order on August 3, 2020, this court granted the IFP Application and dismissed the Complaint, with leave to amend, for failure to state a claim. ECF

No. 4 (the "August 3 Order"). The August 3 Order warned Plaintiffs that "[f]ailure to amend the Complaint by August 31, 2020 will result in dismissal of this action with prejudice for failure to state a claim." *Id.* at PageID #35-36. That same day, a copy of the August 3 Order was mailed to Plaintiff at the address she provided: P.O. Box 502, Eleele, HI 96705. No mailing was returned to the court as undeliverable.

As of September 10, 2020, Plaintiffs have failed to file an amended complaint. Thus, this action is DISMISSED for failure to state a claim, and pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."[1] *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). And "[i]t is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962)). More specifically, the court has discretion to dismiss and action for failure to comply with an order requiring a

---

[1] The Local Rules of Practice for the United States District Court for the District of Hawaii also authorize the imposition of sanctions, including, if appropriate, dismissal, when a party fails to comply with any of its provisions. *See* Local Rule 11.1 ("Failure of counsel or a party to comply with any provision of the Local Rules is a ground for imposition of appropriate sanctions, including a fine or dismissal.").

2

plaintiff to respond within a specific period of time.  *See, e.g.*, *Pagtalunan v. Galaza*, 291 F.3d 639, 640-41 (9th Cir. 2002) (affirming dismissal of action for failure to file amended pleading).  This inherent authority supports the court's orderly and expeditious disposition of its docket.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962), *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987-88 (9th Cir. 1999).

To determine whether dismissal is warranted, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citations omitted); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal.  Plaintiffs' failure to amend their Complaint, or to seek an extension of time to amend, not only prevents this case from moving forward, but also shows that Plaintiffs do not intend to litigate diligently.  *See Yourish*, 191 F.3d at 990 ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.") (citation omitted).  As to the third

factor, Plaintiffs have failed to indicate any intent to amend their Complaint and/or provide any reason for their delay in amending, and therefore prejudice to Defendants is presumed. *See Yourish*, 191 F.3d at 991-92. Fourth, the court attempted to avoid dismissal by detailing the Complaint's deficiencies, providing guidance on amendment, and granting Plaintiffs an opportunity to amend their Complaint. Despite the court's warning that Plaintiffs' failure to amend within a specified period of time will result in dismissal of this action, Plaintiffs failed to avail themselves of such opportunity. Thus, because imposing further less drastic alternatives would be futile, this factor favors dismissal. *See Ferdick*, 963 F.2d at 1262 (explaining that a less drastic alternative includes a court warning that failure to comply would result in dismissal). And fifth, although public policy generally favors disposition of cases on their merits, under the circumstances, this factor is outweighed by the other four factors favoring dismissal. *See Pagtalunan*, 291 F.3d at 643.

      For the reasons set forth above, this action is DISMISSED pursuant to Rule 41(b) for failure to state a claim, and pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See In re Eisen*, 31 F.3d 1447, 1451-56 (9th Cir. 1994) (discussing factors and affirming dismissal of for failure to prosecute); *see also In re Scarlett*, 745 F. App'x 5 (9th Cir. 2018) (Mem.) (citing *In re Eisen* and affirming district court's dismissal of bankruptcy appeal for failure

to prosecute where district court warned that appellant's failure to comply with court-ordered filing deadlines would result in dismissal of his appeal). Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."

### III.  CONCLUSION

Based on the foregoing, this action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to state a claim and failure to prosecute. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 10, 2020.



　　　　　　　　　　　　　　　/s/ J. Michael Seabright
　　　　　　　　　　　　　　　J. Michael Seabright
　　　　　　　　　　　　　　　Chief United States District Judge

*Carlos-Kahalekomo v. Cty. of Kauai, et al.*, Civ. No. 20-00320 JMS-WRP, Order Dismissing Case